UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Cynthia Lee Tucker

930 Washington Street

Reading, PA19601

      *Plaintiff*        :   C.A. No. 19-351 (EGS)

  v.

Anthony B. Panzarella

Robert Speicher

Pennsylvania Office of the Attorney General

Bureau of Narcotics Investigation and Drug Control

c/o Office of the Attorney General

Strawberry Square, 16th floor

Harrisburg, PA 17120

      *Defendants*

# AMENDED COMPLAINT

*Introduction*

  The within Amended Complaint is submitted without opposition to correct a typographical error that occurred in paragraph #21 of plaintiff's original filing, viz., naming the wrong defendants.

**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331, 1332, and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

**Parties**

3. Cynthia Lee Tucker a resident of Pennsylvania.

5. Defendant Anthony Panzarella is an agent assigned to the Pennsylvania Office of the Attorney general Bureau of Narcotics Investigation and Drug Control who at all relevant times was working with that agency and was acting under color of state law. He is being sued in his individual capacity.

4. Defendant Robert Speicher is an agent assigned to the Pennsylvania Office of the Attorney general Bureau of Narcotics Investigation and Drug Control who at all relevant times was working with that agency and was acting under color of state law. He is being sued in his individual capacity..

5. At all relevant times, all Defendants were acting in concert and conspiracy and are jointly and severally liable for the harms plaintiff suffered and their actions deprived plaintiff of her constitutional rights.

## Factual Allegations

6. Defendants, as state narcotics agents, conducted a widespread investigation of illegal drug activity from November 22, 2016 through at least October 17, 2017.

7. In furtherance of the above investigation the defendants enlisted confidential informants ("CIs") and, pursuant to a judicially-approved warrant, conducted wiretap surveillance of numerous individuals who were suspected of selling illegal drugs to others.

8. The circumstances of the aforementioned drug "buys" are set forth in an "Affidavit of Probable Cause" defendants prepared and submitted for approval to the Honorable Joseph Spagnuolo, a Luzerne County, Pennsylvania district justice, on October 17, 2017. The contents of said warrant—which is four hundred and 495 pages long, are incorporated herein as if fully set forth.

9. Insofar as the warrant identifies the person who engaged in illegal activity by telephone as plaintiff Cynthia Lee Tucker the warrant is false and misleading.

10. At all times relevant to the drug transaction and the preparation of the warrant the plaintiff herein was living in the area of Reading, Pennsylvania.

11. During the aforesaid period of the investigation the plaintiff had no involvement in illegal drug activity.

12. During the aforesaid period on information and belief no CI identified the plaintiff as a person who engaged in drug activity.

13. At all times the defendants had the means and ability to determine that the person who engaged in illegal drug transactions and who was identified as plaintiff in the aforementioned Affidavit of Probable Cause, but some other person and that the actual Cynthia Lee Tucker was not physically present in a location or on the other end of a telephone conversation involved in a wiretap surveillance of a conversation having illegal drugs as the subject matter

14. Notwithstanding the foregoing readily available information the defendants together participated in preparing and submitting to the district justice for his unknowing approval a false affidavit of probable cause naming the innocent Cynthia Lee Tucker as the person wanted in connected with the March 12, 2012 drug "buy".

15. Relying on the false and misleading information the defendants provided him Luzerne County District Justice Spagnuolo on October 11, 2017 issued an arrest warrant for the plaintiff. A copy of said warrant is attached hereto as Exhibit "A" and its contents incorporated herein as if fully set forth.

16. On or about October 26, 2017 while peaceably residing in Leesport, Pennsylvania the plaintiff was arrested by law enforcement officers who placed her in custody in full view of her fellow tenants neighbors in a quiet residential area.

17. Area newspapers publicized the arrest of plaintiff Cynthia Lee Tucker, causing her to suffer embarrassment, shame, humiliation and emotional pain.

18. The law enforcement officers who arrested the plaintiff on October 26, 2017 acted on the same warrant prepared by defendants Panzarella and Speicher, which warrant was based on false information.

19. This arrest warrant was issued by a Luzerne County, Pennsylvania District Justice and was predicated on an affidavit of probable cause sworn to by defendants.

20. The allegations with respect to prior sales of narcotics paraphernalia were material to the probable cause determination made by the judicial officer who authorized the arrest; without these allegations, the affidavit of probable cause contains absolutely no cause or reason

21 .The actions of defendants Panzarella and Speicher were performed under color of law and in concert and in furtherance of a conspiracy among them.

22. As a result of the defendants' actions the plaintiff was deprived of her constitutional rights under the Fourth, Fifth and Fourteenth Amendments.

23. As a result of the defendants' actions the plaintiff was subjected to an unlawful and malicious prosecution.

24. The plaintiff spent thirty-eight days in custody.

25. The plaintiff, an indigent person, could not afford to retain counsel.

26. The plaintiff was never assigned appointed counsel.

27. Ultimately, on or about December 3, 2017, the jail personnel told the plaintiff that the charges had been dropped and she was free to go.

28. Subsequently, deputy attorney general William Abraham, told plaintiff that her arrest was a product of "mistaken identity".

29.  Because the criminal complaint wrongly naming the plaintiff was withdrawn and the matter was thus terminated in plaintiff's favor plaintiff maintains the power to sue the defendants who are responsible for the grievous harm she suffered.

## COUNT I

### Plaintiff v. Defendants Anthony Panzarella and Robert Speicher

### -Federal Constitutional Claims-

30. Plaintiff incorporates by reference paragraphs 1-29 of the Complaint.

31. As a direct and proximate result of defendants' conduct, committed under color of state law, plaintiff was deprived of her right to be free from unlawful arrest, search, detention and malicious prosecution. Plaintiff was also deprived of the right to be secure in one's person and property and to due process of law. As a result, plaintiff suffered and continues to suffer harm in violation of her rights under the Fourth, Fifth and Fourteenth Amendments, and 42 U.S.C. §1983.

32. As a direct and proximate result of the acts of defendants, plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to her detriment and harm.

## COUNT     II

**Supplemental State Claims Against defendants Anthony Panzarella and Robert Speicher**

33. Plaintiff incorporates by reference paragraphs 1-32 of the Complaint.

34. The acts and conduct of the individual defendant officers in this cause of action constitute assault and battery, false arrest and false imprisonment, and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to the individual defendants;

c. A declaratory judgment that the practices, policies and customs alleged in this Complaint are unconstitutional;

e. Reasonable attorney's fees and costs as to all defendants;

f. further relief as may be appropriate and in the interest of justice.

PLAINTIFF DEMANDS A TRIAL BY JURY


                    rgf140 *Richard Gabriel. Freeman*
                    RICHARD GABRIEL. FREEMAN
                    Two Penn Center, Suite 1204
                    1500 John F. Kennedy Boulevard
                    Philadelphia, PA 19102
                    215 275 6473
                    rgfrim@gmail.com

May 31, 2019